**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47911**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: November 12, 2021** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| REGINALD ANSON BURLEY, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Patrick J Miller, District Judge.

Judgment of conviction for rape, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Reginald Anson Burley appeals from his judgment of conviction for rape, Idaho Code § 18-6101(4). Burley argues the district court erred by allowing an expert to testify when the State did not adequately disclose the facts and data upon which the expert witness relied. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In December 2014, Burley was charged with rape, I.C. § 18-6101(4), and kidnapping, I.C. §§ 18-4501, 18-4502. The State provided a response to Burley's request for discovery which included, in part, the following information about the State's proposed expert, Dr. Laura King: a bulleted list of potential expert opinions by Dr. King, explanation that Dr. King's opinions were based upon her research and experience with sexual assault victims, and Dr. King's curriculum vitae (CV). Burley then filed a motion in limine to exclude Dr. King's testimony, arguing the State's disclosure did not satisfy the requirements of Idaho Criminal Rule 16(b)(7) because it did

1

not provide Dr. King's opinions or the facts and data upon which the opinions were based and that Dr. King's proposed testimony was irrelevant, more prejudicial than probative, and would confuse or mislead the jury. The State filed a written objection to Burley's motion, asserting Dr. King's proposed testimony was both relevant and admissible under Idaho Rule of Evidence 702. The State further asserted that its disclosure complied with I.C.R. 16(b)(7) because it included that Dr. King would "testify regarding specific behaviors of sexual assault survivors that are characterized as 'unusual,'" which behaviors were detailed in the disclosure. Additionally, the State noted that Dr. King had been qualified as an expert in other cases within the same district.

Prior to trial, the district court entered a preliminary decision denying Burley's motion to exclude Dr. King's testimony. First, the district court found the State had adequately disclosed the opinions of the expert witness. As to whether the State adequately disclosed the facts and data for those opinions, the district court noted they were "very likely contained within the extensive list of articles and reports authored, co-authored, or peer reviewed by Dr. King or developed or identified in the many studies in which she has participated," although the location of those facts and data were "not obvious" to the district court. Nevertheless, the district court determined that because Dr. King had "testified many times in this district on the very topics offered here, often with the same (or very similar) disclosure," Burley's counsel was aware of the scope and content of Dr. King's testimony such that Burley was not "prejudiced by the lack of specific disclosure of the facts and data relied upon by Dr. King." Second, the district court identified three opinions that were relevant and admissible under I.R.E. 702 because they would be helpful to the jury in understanding the evidence or determining a fact in issue. The district court indicated it would consider additional argument on the admissibility of Dr. King's testimony prior to jury instruction, but no further argument was made and the trial proceeded based upon the district court's pretrial ruling.

The jury found Burley guilty of rape but acquitted him on the kidnapping charge. Burley timely appeals.

## II.

## ANALYSIS

Burley argues the State did not adequately disclose the basis for Dr. King's opinion as an expert witness as required by I.C.R. 16(b)(7). Burley also argues that Dr. King's expert testimony was not admissible because it would not aid the jury under I.R.E. 702.

2

**A.      Idaho Criminal Rule 16(b)(7)**

On review, this Court will uphold a district court's decision regarding an alleged discovery violation if the decision is supported by substantial and competent evidence in the record. *State v. Stradley*, 127 Idaho 203, 207-08, 899 P.2d 416, 420-21 (1995).

Idaho Criminal Rule 16(b)(7) provides that:

> On written request of the defendant, the prosecutor must provide a written summary or report of any testimony that the state intends to introduce at trial or at a hearing pursuant to Rules 702, 703 or 705 of the Idaho Rules of Evidence. The summary provided must describe the witness's opinions, the facts and data for those opinions, and the witness's qualifications.

Burley argues the State's disclosure was inadequate because it failed to provide the facts and data upon which Dr. King's opinions were based. Additionally, Burley argues the district court abused its discretion when it stated that Burley was not prejudiced by the lack of specific disclosure of the facts and data for Dr. King's opinions because the public defender's office knew of Dr. King's opinions from prior criminal cases in which she had testified. The State argues it provided adequate facts and data by disclosing Dr. King's opinions which were based upon "research and/or professional experience with victims of sexual assault" described in her CV, which was included with the disclosure.

In its discovery response, the State disclosed a bullet list of potential opinions from Dr. King. The State also disclosed its version of the facts of the case to which the opinions may be relevant. Following Burley's objection, the district court determined which proffered opinions were relevant to the circumstances of Burley's case by comparing the State's bulleted list of Dr. King's potential expert opinions to the State's recitation of the facts of the case. The district court identified three opinions that were relevant: a victim may not immediately fight or flee when the sexual assault begins; a victim may eliminate details of the assault when she first describes them; and a victim may have a relationship with her assailant prior to the assault. It was these three opinions that Dr. King testified to during trial. Thus, the opinions and the facts of the case to which they were relevant were adequately disclosed prior to trial.

As to the facts and data which underlie each of the opinions themselves, the district court noted that they were within the experience and research set out in Dr. King's CV, though perhaps not obviously so. In *State v. Koch*, 157 Idaho 89, 94, 334 P.3d 280, 285 (2014), the defendant argued that the State's expert disclosure was inadequate because it did not include the facts and data underlying the expert's proposed opinions. *Id.* The main expert opinion reflected in the

3

disclosure was that "it is rare that a child immediately discloses their sexual abuse especially when they know the perpetrator." *Id.* at 95, 334 P.3d at 286. The Idaho Supreme Court determined: "While the State did not specifically disclose that [the expert's] opinions were based on her training and experience, *which would be the better practice*, it did provide [the expert's] curriculum vitae." *Id.* (emphasis added). The Court explained that the State's disclosure was sufficient because it included a summary of the expert's opinions, which were not particularly technical or scientific, and the expert's CV listing her training and experience. *Id.* at 94-95, 334 P.3d at 285-86. The Court further noted that the bases for the expert's conclusions "were adequately explored by defense counsel on cross-examination with no particular difficulty." *Id.* at 95, 334 P.3d at 286.

Here, the State's disclosure was adequate. The State provided a bulleted list of the possible opinions Dr. King would testify to, disclosed the facts of the case to which they may relate, properly stated that Dr. King's testimony was based upon her "research and/or professional experiences with victims of sexual assault," and included her CV. The CV goes not only to Dr. King's qualifications as an expert but to the studies and experiences on which she based her opinions. These opinions, that victims may not fight or flee, may omit details of the event, and may have a prior relationship with the assailant, are not highly technical or scientific subject matter and are appropriately based upon research and experience. As noted below, Burley contends that the opinions to which Dr. King was limited to testify to are so common in the everyday juror's experience to not be relevant expert testimony. While we disagree, the disclosure was adequate to allow the defense to prepare for trial.

The district court noted that Dr. King had testified in the district court prior to this case and that the public defender's office was thereby aware of her opinions and the basis therefor. First, it is common for the proponent of an expert witnesses' testimony to disclose prior similar testimony, as the State did. Second, such disclosure assists in providing data as to the expert's qualification and allows for the opportunity for the other party to test consistency, among other things. However, to the extent the district court relied on that information as an adequate disclosure of the facts and data in this case, the district court erred. Nonetheless, the facts and data for this specific case were adequately disclosed by the State.

Overall, the State provided Burley with the list of expert opinions, recitation of the facts to which the opinions related, and Dr. King's CV, which collectively provided the facts and data

behind Dr. King's testimony as required by I.C.R. 16(b)(7). Thus, the district court's decision is supported by substantial and competent evidence in the record.

**B.      Idaho Rule of Evidence 702**

The decision to admit opinion testimony, whether lay opinion or expert opinion, rests within the discretion of the lower court, while the determination of its weight lies with the jury. *State v. Almaraz*, 154 Idaho 584, 602, 301 P.3d 242, 260 (2013). The trial court's broad discretion in admitting evidence will only be disturbed on appeal when there has been a clear abuse of discretion. *Id*.

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

Pursuant to I.R.E. 702, an expert witness may provide an opinion "if the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Burley argues Dr. King's testimony was not admissible under I.R.E. 702 because her testimony was not helpful to the jury. Burley argues the alleged victim was capable of explaining her actions herself and that jury members did not need an expert to explain fear, as it is a sufficiently common emotion the jurors likely had experienced. The State argues Dr. King's testimony was relevant and necessary because being the victim of an assault is not a normal experience. Additionally, Dr. King could provide specialized information on victim behavior as a whole, whereas the alleged victim can only explain her own experience and conduct. The district court admitted Dr. King's testimony, finding it would help the jury understand common assault victim behavior and that the described behavior may or may not support an assertion that the victim is not being truthful.

The function of the expert is to provide testimony on subjects that are beyond the common sense, experience, and education of the average juror. *State v. Tankovich*, 155 Idaho 221, 227, 307 P.3d 1247, 1253 (Ct. App. 2013). Therefore, expert testimony is inadmissible if it merely draws conclusions or opinions that the average juror is qualified to draw from the facts utilizing the juror's common sense and normal experience. *Id.*

Although some jurors may understand some sexual assault victim behavior, that does not mean the State is precluded from proffering expert testimony on the subject. Dr. King's testimony was helpful to the average juror because sexual assault is beyond the common sense, experience, and education of the average juror. Moreover, it is helpful to present the expert testimony for all jurors even if it was within the experience of some individual jurors.

The district court correctly perceived that admitting expert testimony was within its discretion and acted within the boundaries of its discretion. The district court identified the proper legal standard of I.R.E. 702 and exercised reason in applying the law. Thus, the district court did not abuse its discretion.

### III.
### CONCLUSION

Burley has failed to show the district court erred by denying Burley's motion in limine to exclude Dr. King's expert witness testimony. Accordingly, Burley's conviction for rape is affirmed.

Chief Judge HUSKEY and Judge LORELLO **CONCUR**.